**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| LUIS JOHN HERNÁNDEZ DENIZAC, for Him and for his daughter LY ANN HERNÁNDEZ LÓPEZ; LUIS HERNÁNDEZ; NILSA DENIZAC | * * * * | CASE NO. 15-cv-02625 (GAG) |
| | * | |
| Plaintiffs | * * | |
| v. | * * | PLAINTIFFS DEMAND TRIAL BY JURY |
| KIA MOTOR CORPORATION; TRW AUTOMOTIVE U.S., L.L.C.; ABC INSURANCE COMPANY; JOE DOE | * * * * | |
| Defendants | * * | |

**MEMORANDUM OF LAW IN SUPPORT OF KMC'S MOTION FOR SUMMARY JUDGMENT DUE TO PLAINTIFFS' INABILITY TO ESTABLISH THE BASIC REQUIRED ELEMENTS OF THEIR PRODUCT LIABILITY CLAIM**

TO THE HONORABLE COURT:

COMES NOW defendant Kia Motor Corporation ("KMC"), through its undersigned counsel and respectfully sets forth:

**PRELIMINARY STATEMENT and SUMMARY OF THE ARGUMENT**

Defendant Kia Motor Corporation (KMC) respectfully submits this Memorandum of Law in support of its Motion for Summary Judgment requesting dismissal of the captioned complaint on the grounds that plaintiffs have not -- and cannot – prove with the required expert witness evidence that the subject 2012 Kia Forte motor vehicle had a manufacturing defect that caused or contributed to plaintiff's claimed injuries and/or that the non-deployment of the supplemental restraint system (SRS) of air bags is the proximate cause of plaintiff's enhanced injuries.

1

Plaintiffs have not proffered the basic required expert witness evidence to support their product liability claim.  It is undisputed that the cause of the subject one vehicle traffic accident against a fixed object(s) was driver error.  *See* Statement of Undisputed Material Facts (SUMF) at Docket 95, ¶s 1, 16, 25-27.  The only liability expert witness announced by plaintiffs, Eng. Otto González-Blanco, does not have the education, knowledge or experience to render *any* opinion regarding automotive design, engineering and/or manufacture.  SUMF at Docket 95, ¶s 37-76.  He does not know the "no fire" and "must fire" thresholds (i.e., when and under what circumstances the air bag system is required to deploy) or parameters for the any of the air bags in the 2012 Kia Forte. SUMF at Docket 95, ¶s 45 & 46.  He does not know the Kia specifications for any part of the air bag system and did not inspect or perform any type of test on anything related to the air bag system. SUMF at Docket 95, ¶s 46 & 65.  Eng. González-Blanco repeatedly affirmed during the taking of his deposition that he is *not* an expert in air bag systems.  SUMF at Docket 95, ¶ 66.  He acknowledged he would not provide any expert opinion testimony regarding the cause of the air bag non-deployment nor whether the air bag was defective.  SUMF at Docket 95, ¶ 64.  However, plaintiffs will attempt to have their unqualified expert opine as part of his reconstruction of the subject traffic accident that the air bags should have deployed albeit he does not know why or what component part of the air bag system was purportedly defective.  SUMF at Docket 95, ¶s 67 & 68.  The opinion of plaintiffs' only liability expert can be summarized as follows, i.e., the airbags did not deploy for reasons he does not know, but since the air bags did not deploy the system must be defective. *Id.*  This Honorable Court has ruled that such an expert opinion is nothing more than mere speculation and conjecture, which is inadmissible in evidence.

2

Likewise, plaintiffs' liability expert cannot establish that the non-deployment of the SRS (airbags) was the proximate cause or is in any way causally related to plaintiffs' enhanced injuries. Eng. González-Blanco has no medical education and has not taken any courses in trauma or injury causation and did not conduct any analysis of the driver's movements within the vehicle during the crash or occupant kinematics in this case.  SUMF at Docket 95, ¶s 43-44 & 70-71.  Plaintiffs' liability expert does limit claim to the side curtain air bag inasmuch as he was of the opinion that Luis John was belted and was kept in the driver seat, with no evidence of forward motion.  SUMF at Docket 95, ¶ 70. Accordingly, the driver front air bag is not at issue.  Notwithstanding, there is absolutely no evidence to establish that had the side curtain airbag deployed, the injuries sustained by plaintiff Luis John Hernández-Denizac would more likely that not have been avoided. In fact, the only admissible evidence is to the contrary in this case – that deployment of the side curtain air bag would not have prevented the debilitating injury suffered by the plaintiff in this specific crash.  SUMF at Docket 95, ¶ 77.  KMC is entitled to summary judgment because the plaintiffs have no proof whatsoever on critical elements required for their product liability claim.

The legal principles supporting the Defendant's motion here are not novel concepts in this District and were specifically applied in a case that dismissed an air bag non-deployment based product liability case for lack of causation in *Perez-Martinez v. Hyundai Motor Co.*, 440 F. Supp. 2d 57 (D.P.R. 2006.)  The *Perez-Martinez* case involved an automobile crash where plaintiff's brought suit against the automobile manufacturer alleging that the decedent's death was due to the vehicle's failure to command air bag deployment.  Unlike this case now before the Court, in *Perez-Martinez*,

3

there was no question that the air bag was designed to deploy and should have deployed in the *Perez-Martinez* crash.   Nevertheless, the *Perez-Martinez* Court (Hon. Raymond Acosta) dismissed plaintiff's complaint based upon lack of causation because the plaintiff could not establish through admissible proof that the non-deployment of the air bags caused or contributed to the decedent's injury and death.

All facts relevant to this motion are set forth in the accompanying Statement of Undisputed Material Facts, Docket no. 95, pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Local Rules of this Court. and will not be repeated herein except where necessary in the argument portion of this Memorandum of Law.

## **APPLICABLE LAW**

### A.   **The Legal Standard for Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure sets forth the standard for ruling on summary judgment motions.   The function of summary judgment is "to pierce the boilerplate of the pleadings and examine the parties' proof to determine whether a trial is actually necessary".   *Morales v. A.C. Orssleff's EFTF*, 81 F. Supp. 2d. 310 (D. Puerto Rico 1999); *Vega-Rodríguez v. P.R.T.C*, 110 F. 3D. 174 (1st Cir. 1997).   Therefore, "federal courts will grant summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law".   *Id*. Further, the Court is required to examine the record "drawing all reasonable inferences helpful to the party resisting summary judgment".   *Cortés-Irizarry v. Corporación Insular*, 111 F. 3d. 184, 187 (1st Cir. 1997).   There is "no room for credibility determinations, no room for the measured weighing of conflicting

evidence such as the trial process entails, no room for the judge to superimpose his own ideas of probability and likelihood...". *Morales v. A.C. Orssleff's*, *supra*, at 313; *Greenburg v. Puerto Rico Maritime Shipping Auth.*, 835 F. 2d. 932, 936 (1st Cir. 1987).

The movant for summary judgment must not only show that there is "no genuine issue of material facts", but also that he is "entitled to judgment as a matter of law". *Vega-Rodríguez v. P. R.T.C.,* 110 F. 3D. at 178; *Morales v. A.C. Orssleff's*, *supra*, at 312.  Under Rule 56(e) of the Federal Rules of Civil Procedure, the resisting party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but must "show the existence of a trial worthy issue as to some material facts".  *Morales v. A.C. Orssleff's*, *supra*, at 312.  A factual dispute is "material" if it "might affect the outcome of the suit under the governing law", *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and "genuine", "if the evidence is such that a reasonable fact finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor".  *Cortés-Irizarry*, 111 F. 3d. at 187.

This Court has consistently ruled that when a summary judgment motion is supported with affidavits or other materials, the non-moving party must show, also by affidavits, depositions, testimonies or otherwise, that a genuine issue of facts remains for trial.  Fed. R. Civ. P. 56(e).  To be considered, the facts contained in the documents and the materials attach to the motion for summary judgment, as well as to the opposition, have to be admissible or usable at trial.  *Horta v. Sullivan*, 4 F.3d 2 (1st Cir. 1993).  *Morales v. A.C. Orssleff's EFTF*, 246 F.3d. 32, 33 (1st Cir. 2001); *Corrada-Betances v. Sea-Land Service, Inc.,* 248 F.3d 40, 43 (1st Cir. 2001).

In this case, there are no issues of material fact and defendant KMC is entitled to summary judgment as a matter of law.

### B.   The Relevant Product Liability Law On Defect and Causation

In Puerto Rico it has been established that a manufacturer is strictly liability for damages caused by its defective or dangerous products. *Mendoza v. Cervecería Corona*, 97 D.P.R. 499 (1969); *Rivera v. Superior Pkg. Inc.*, 132 D.P.R. 115 (1992). The plaintiff has to prove the existence of a defect in the product **and** that said defect was the legal or proximate cause of the injuries sustained. *Aponte Rivera v. Sears Roebuck*, 144 D.P.R. 830 (1998); *Rivera v. Superior Pkg. Inc.*, 132 D.P.R. 115 (1992); *Montero Saldaña v. Amer. Motors,* 107 D.P.R. 452 (1978); *Quintana Ruiz v. Hyundai Motor Company*, 303 F. 3d. 62 (1er Cir. 2002). Notwithstanding, the manufacturer of a product is not the insurer of all damages its products may cause. *Mendoza v. Cervecería Corona*, 97 D.P.R. 499 (1969); *Aponte Rivera v. Sears Roebuck*, 144 D.P.R. 830 (1998); *Rivera v. Superior Pkg. Inc.*, 132 D.P.R. 115 (1992); *Montero Saldaña v. Amer. Motors,* 107 D.P.R. 452 (1978); *Quintana Ruiz v. Hyundai Motor Company*, 303 F. 3d. 62 (1er Cir. 2002).

In the case of *Ortiz v. Fleming Motors, Inc.*, 99 D.P.R. 668 (1971), the plaintiff presented the testimony of an expert witness regarding the possible causes that originated a fire in plaintiff's vehicle. Plaintiff's expert rendered the opinion that the fire was caused by a manufacturing defect although he could not rule out that the car ignited because of a short circuit or a discarded cigarette. The trial court determined, and the Supreme Court affirmed, that the plaintiff did not prove in any way that the fire was caused by a vehicle defect. The Supreme Court indicated that the mere fact that the subject motor vehicle was new when it ignited and burned does not establish a presumption of a

hidden defect in the absence of clear and sufficient evidence that said defect existed at the time of sale.  *Id.* at page 672.  When the damages have been caused by one of two possible causes and defendant is not liable for one of them, the plaintiff has to prove that the damages were caused by the cause defendant would be liable for.  Liability is not established when the evidence shows that the damages were probably due to one cause as well as the other.  *Id.* at page 673, citing the case of *Dent v. Hardware Mutual Casualty Co.*, 388 P.2d 89 (Idaho 1964).

In the case of *Ortiz v. Fleming Motors, Inc.*, 99 D.P.R. at pages 674-675, the Supreme Court also cited the case of *Haas v. Buick Motors Div. of General Motors Corp.*, 156 N.E.2d 263 (App.Ct. Ill. 1959), wherein a direct verdict was entered in favor of the defendant manufacturer because the vehicle was not inspected after the fire to determine if a manufacturing defect existed.  The Court stated:

> The mere fact that a circumstance occurred that caused damages to a property does not authorize a presumption or inference that the defendant is liable … The mere fact that a fire evidently occurred in this case, that caused damages to a property, does not give rise to any presumption or inference that defendant is liable, --the burden is on plaintiff to prove, among other matters, that a defect actually exists in materials or the manufacture.

In the case of *Díaz v. E.L.A.*, 118 D.P.R. 395 (1987), plaintiff did not present any expert evidence to attempt to reconstruct the manner in which the automobile accident probably occurred in which the driver lost his life.  The Puerto Rico Supreme Court determined that, under the existing circumstances, there was no rational connection between the basic facts and the inferred facts, being before mere speculation or conjectures in which a determination of liability could not be supported.  The Supreme Court concluded, that the trial court did not have sufficient evidence, direct or

circumstantial, to support a determination of liability and thus, the causes of action should have been dismissed.

In *Prado Alvarez v. R.J. Reynolds Tobacco Co.,* 315 F.Supp.2d 61 (D.Puerto Rico 2004), this Court recently considered a products liability claim.  In granting the defendant's motion for summary judgment this Court noted that "[i]n Puerto Rico, tort plaintiffs have the burden of establishing that the conduct of the defendant **caused their injuries**", further holding:

> Proof of causation is essential. *Muniz-Nunez v. American Home Products Corp.*, 583 F.Supp. 459, 461 (D.Puerto Rico 1984).  **The Plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result**.

*Id.* at 75-76.  (Emphasis added).

In *Malave-Felix v. Volvo Car Corp.*, 946 F.2d 967 (1st Cir. 1991), the Court discussed the appropriate standard for determining proximate cause under the law of Puerto Rico.  The Court noted that although an actor is at fault or negligent when he fails to exercise due diligence to prevent foreseeable injury, "[o]ne becomes liable, ...only if his negligence is the proximate cause of someone else's injures."  (citations omitted). *Id.* at 971.

The Court in *Endicott v. Nissan Motor Corp.*, 73 Cal. App. 3d 917, 926 (1977), also provides a detailed analysis of "crashworthiness" or "second collision" cases.  In *Endicott*, the plaintiff was injured in an auto accident when he lost control of his vehicle on an icy winding road.  The plaintiff in *Endicott* claimed that the seatbelt was defective and alleged that he had been injured more seriously than he would have been if the seat belt had not ruptured.  The Court held that the defendant did not have the burden to

prove the alleged defect did not cause the injury: "no general rule exists in the field of product liability requiring the manufacturer of a defective product to prove a negative his non-causation of plaintiff's injuries." *Id*. at 928.  The Court in *Endicott* noted:

> No witness, including plaintiff's medical experts, could say with any degree of certainty that plaintiff would not have sustained severe and disabling injuries if the belt had not ruptured, and plaintiff's medical expert even conceded the possibility that the very back injury that plaintiff suffered could have so occurred.

*Id*. at 927.  The Court in *Endicott* acknowledged that it is absolutely the plaintiff's burden "to establish a significant probability of causation between defective product and enhanced injuries".  *Id*. at 928.

The legal analysis set forth in *Endicott* as it pertains to the "crashworthiness" or "second collision" doctrine is consistent with the tort principles annunciated by this Court. Indeed, as in *Prado Alvarez,* the here are required to "introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result."  *Prado Alvarez v. R.J. Reynolds Tobacco Co.,* 315 F.Supp.2d at 75-76.

The plaintiffs in this case have alleged that "had the airbags deployed, Luis John would have not suffered the extensive, debilitating, and permanent life-changing injuries he did" (Amended Complaint, ¶ 18).  The Court in *Caiazzo v. Volkswagenwerk A.G.,*647 F.2d 241, 243 (2nd Cir. 1981), explained in detail the type of claim presented by the plaintiffs in this case.  In *Caiazzo*, the Court made clear the theory of liability presented by the plaintiffs:

> The Caiazzos' claim against VWAG arises out of an area of tort law that has come to be known as the "crashworthiness" or "second collision" doctrine. [footnote omitted] Under this theory of liability, the claimant does not allege that any defect in the automobile caused the accident; rather, the allegation

is that the claimant's injuries were more severe than what they would have been had the car been properly designed.

*Id.*  By way of footnote, the Court in *Caiazzo*, noted that although the terms "crashworthiness" and "second collision" "tend to be used interchangeably," "'[c]rashworthiness' means 'the protection that a passenger motor vehicle affords its passengers against personal injury or death as a result of a motor vehicle accident' [citation omitted] and "[t]he term 'second collision' usually refers to the collision between a passenger and an interior part of the vehicle following an impact or collision."  *Id.*

In summary, plaintiffs have the burden of proving causation.  More specifically, the plaintiffs must establish that the plaintiff Luis John sustained injuries as a result of the non-deployment of the side curtain air bag air bag which he would **not** have sustained had the air bag deployed.  In other words, plaintiffs in this case must establish that "but for" the non-deployment of the airbag, Luis John would have avoided his neurological injuries.  Given the complexities of airbag deployment, which is beyond the knowledge of lay juries, the plaintiffs must rely on expert testimony to make such a showing. *Quintana-Ruiz v. Hyundai Motor Corp.*, 303 F.3d 62, 76-77 (1st Cir. 2002).  Furthermore, broad statements and statistics vouching for the protection afforded by air bags in general, but not in the decedent's case in particular, will not suffice to establish causation. *Perez-Martinez v. Hyundai Motor Co.*, 440 F. Supp. 2d 57 (D.P.R. 2006).  As discussed *infra*, the plaintiffs in this case have not - - and cannot - - make such a showing.

## **ARGUMENT**

### A.    **Plaintiffs Have Not and Cannot Establish Any Vehicle Defect Existed in the 2012 Kia Forte**

Air bags are supplemental restraints and are designed to work in combination with seat belts. They are designed to deploy in certain types of moderate to severe crashes to reduce the likelihood that an occupant will strike the vehicle's interior during a crash. When there is a crash of appropriate magnitude as recognized by the vehicle's sensing system, a signal is sent from the air bag system's control unit to the inflator within the air bag module. An igniter in the inflator starts a chemical reaction that produces a harmless gas, which rapidly inflates the appropriate air bag.  Not all collisions warrant air bag deployment and deployment parameters vary from vehicle to vehicle.    *See generally*, **Exhibit J**, Rucoba Report Docket no. 95-11 at pages 22-23; and National Highway Traffic Safety Administration at https://www.nhtsa.gov/equipment/air-bags.

Regarding the subject 2012 Kia Forte, KMC's experts found no defect after inspection.   The explanation for why no air bag deployed is clear: none of the decelerations experienced by the vehicle in the three impacts were above the must-fire threshold (the crash which requires air bag deployment by design) for the air bag systems in the 2012 Kia Forte. Furthermore, a deployed side curtain air bag does cover nor provides protection to the area where the left side of plaintiff's head contacted the side roof rail above the deployment zone.  All this proof is not necessary for KMC to prevail on this motion, however, because the plaintiffs' case fails on the fundamental and necessary legal element of causation (please see Section C, below.)  Because the plaintiffs cannot prove that a deployed side curtain air bag would have provided any benefit to this plaintiff in this crash KMC is entitled to summary judgment.

The mere fact that an automobile accident occurs does not give rise to an inference or presumption that the subject vehicle had some sort of manufacturing defect or that

defendant is liable.  The plaintiff has the burden to prove with the required admissible and competent expert evidence that his motor vehicle had a specific defect **and** that said defect was the proximate cause of the damages claimed.  *Quintana-Ruiz v. Hyundai Motor Corp.*, 303 F.3d 62, 76-77 (1st Cir. 2002); *Perez-Martinez v. Hyundai Motor Co.*, 440 F. Supp. 2d 57 (D.P.R. 2006).

In this case, plaintiffs are *not* alleging that the failure of the airbags to deploy caused the motor vehicle accident.  To the contrary, regarding the cause of the accident, plaintiffs acknowledge that Luis John was speeding at the time of the accident, and admit that if he was driving within the 40 mph regulatory speed limit, he would have been able to stop the car and prevent the accident.  SUMF at Docket 95, ¶ 54. Plaintiffs' own expert calculations, as flawed as they are, have Luis John traveling in the range of 65-68 mph right before losing control of the car, i.e., 25-28 mph over the established speed limit. SUMF at Docket 95, ¶ 53.[1]

Plaintiff's reconstruction of the accident indicates plaintiff's 2012 Kia Forte left the roadway to the right and moved across the grass median and the marginal road, sliding into the parking lot, side swiping the fence along the driver's door and side, contacting a red garbage dumpster with the left frontal corner.  *See* SUMF at Docket 95, ¶ 60 and Docket no. 95-8.  The nature of the side swiping contact with the fence along the driver's

---

[1] Plaintiffs then argue that although all the evidence indicates it was not raining at the time of the crash, there was a water run-off two (2) kilometers North that purportedly flooded the right lane making the vehicle hydroplane out of control and that said accumulation of water then disappeared by the time the police arrived at the scene of the accident five (5) minutes later. SUMF at Docket 95, ¶ 50.  There is absolutely no objective evidence to support such a novel theory. Plaintiff does not have any photographs depicting these alleged conditions at the site at the time of the accident and all fact witness testimony is to the contrary. SUMF at Docket 95, ¶ 51.  The opinion testimony of plaintiffs' expert witness in this regard is sheer speculation and conjecture but not relevant for this motion since no vehicle defect is alleged to have caused the crash.

door is depicted in photos taken after the crash. *See* Docket no. 95-9.  Nevertheless, all of plaintiffs' expert opinion testimony and analysis goes to the underlying cause of the accident and not the defect allegations regarding the non-deployment of the air bags.

Eng. González-Blanco claims this sliding impact with the fence should have deployed the side curtain air bag, but he admits that he is not an expert in air bag systems.  SUMF at Docket 95, ¶ 66.  He admits "I cannot say which part of the system did not work because I am not an expert in the construction or design of a system." SUMF at Docket 95, ¶ 67.  The only evidence plaintiffs have proffered in support of their product liability claim is the testimony of Eng. González-Blanco, who speculated that the airbag system of the subject 2012 Kia Forte motor vehicle was defective because it did not deploy when he thinks it should have deployed and thus, since "it did not work" it had to be defective. SUMF at Docket 95, ¶ 68.

First, Eng. González-Blanco has never acted as an expert in automotive design, has never provided testimony in court with respect to defects in automobiles and has not been recognized by any court as an expert in automotive design or automotive engineering. SUMF at Docket 95, ¶s 38-40. He candidly admitted he is "not an expert in anything relating to automotive manufacturing or design".   SUMF at Docket 95, ¶ 42. Eng. González-Blanco does not have any formal education in anything relating to automotive engineering, automotive design or automotive electronics.  He does not have any formal education in electrical or mechanical engineering. SUMF at Docket 95, ¶ 41.[2]

---

[2] In fact, Eng. González-Blanco was already disqualified in one of the three product cases relating to motor vehicles in which he has been retained as an expert given his total lack of education, work experience or otherwise in any aspect of automotive engineering.  *See* **Exhibit F**, Docket no. 95-7.

Second, Eng. González-Blanco could not – and cannot – provide any opinion as whether any airbag should have deployed since he does not know what the parameters and/or thresholds for deployment of the SRS (airbags) are in the subject motor vehicle (or any vehicle for that matter).  Eng. González-Blanco does not know what are the "no fire" and "must fire" thresholds or parameters for the side curtain air bar or any other air bag in a 2012 Kia Forte motor vehicle.  SUMF at Docket 95, ¶ 45.  Likewise, he does not know the Kia specifications for any part of the airbag system.  SUMF at Docket 95, ¶ 46 (As previously stated, KMC's experts have determined that none of the three impacts experienced by the vehicle in the subject crash were above the mandatory must fire deployment thresholds for the air bags in the 2012 Kia Forte, SUMF at Docket 95, ¶ 77).

Finally, Eng. González-Blanco could not identify any component part of the airbag system that purportedly failed to perform as designed, and could not establish any alleged defect that caused the non-deployment of the system.  SUMF at Docket 95, ¶s 67-68. Eng. González-Blanco did not inspect and did not perform any type of test on anything related to the airbag system and he acknowledged he would not provide any expert opinion testimony regarding the cause of the airbag non-deployment, nor whether the airbag was defective, repeatedly admitting that he is not an expert in air bag systems. SUMF at Docket 95, ¶s 64-66.[3]

Accordingly, plaintiffs do not have the required, necessary expert evidence to prove that the subject motor vehicle had a defect that caused or contributed to cause plaintiffs' injuries.  As outlined above, and in the Exhibits supporting the Statement of

---

[3] Eng. González-Blanco does, however, limit his opinion testimony to the side curtain air bag, finding that plaintiff was belted at the time of the accident and thus, was kept in place in the driver seat of the car without any forward movement as evidenced by the lack of impact marks between plaintiff's body and the interior of the vehicle cabin. SUMF at Docket 95, ¶s 70.

Undisputed Material Facts, Plaintiff's only liability expert admits he cannot establish: (1) the nature of the alleged manufacturing defect; (2) how the unidentified defect prevented the side curtain air bag from deploying; (3) that absent the alleged unidentified defect the side curtain air bag was designed to and would have deployed in this crash;  (4) the timing of the plaintiff's movement towards the inflating side curtain air bag; or (5) that a deployed side curtain air bag would have covered/included the area where plaintiff struck the left side of his head.  As will be addressed below, and perhaps most dispositive of this case, the plaintiffs have no expert testimony that deployment of the side curtain air bag would have prevented or reduced the injuries to the plaintiff and to what extent.

### B.   Plaintiffs' Cannot Establish Causation

Under the products liability law applicable to this case, plaintiff must establish causation between the alleged defect and the alleged injury.  Indeed, such is the burden on the plaintiff even in the most basic negligence actions where linking the alleged negligent conduct by a defendant as a legal cause of the injury is always a necessary element.  That is also true in product liability actions.

It appears the experts on both sides agree that plaintiff Luis John struck the left side of his head on the side roof rail causing his neurological injuries. *See* Docket no. 95-10.  This focuses plaintiff's claim on the non-deployment of the side curtain airbag. Plaintiff's expert has not proffered any valid opinion testimony whatsoever regarding how deployment of the side curtain air bag would have prevented or reduced the plaintiff's injuries.  Broad statements and statistics vouching for the protection generally afforded by air bags, but not referencing the specific crash at issue, will not suffice to establish causation.  *Perez-Martinez v. Hyundai Motor Co.*, 440 F. Supp. 2d 57 (D.P.R. 2006).

In order to prevail on his product liability claim the plaintiff must prove that:

(1)     the vehicle contained a manufacturing defect;

(2)     that the alleged defect prevented the side curtain air bag from deploying;

(3)     that absent the alleged defect the side curtain air bag was designed to deploy in a crash of this magnitude;

(4)     that the timing of the plaintiff's movement towards the inflating side curtain air bag would have resulted in an inflated air bag before the plaintiff's injury occurred in the side-swiping crash into the pole along the driver's side of the Forte;

(5)     that a deployed side curtain air bag would have covered/included the area where plaintiff struck the left side of his head;

(6)     that deployment of the side curtain air bag would have prevented or reduced the injuries to the plaintiff; **and**

(7)     the extent that the plaintiff's injuries would have been prevented or reduced.

Unless plaintiff proves each and every one of these essential factual predicates they cannot legally or logically prevail on their air bag non-deployment claim.  Plaintiffs must establish causation by proving with admissible expert evidence that had the side curtain airbag deployed as they claim it was designed to do, the physical injuries sustained by Luis John Hernández-Denizac would have been reduced or avoided.  If the plaintiffs cannot prove that causal link, their claim fails and KMC is entitled to a directed verdict even if the plaintiffs have proved the non-deployment resulted from a manufacturing defect.  Put another way, for the purposes of this motion, a vehicle defect that does not cause an injury is not actionable as a tort claim.

As is indicated above, the case of *Quintana-Ruiz* made clear that in airbag deployment cases, the parties must rely on expert testimony because the issue is not within the purview of a lay jury. *Quintana-Ruiz*, 303 F.3d at 76-77.

In this case, the plaintiff's retained Eng. González-Blanco to act as their only liability or otherwise expert witness, but he did not conduct any analysis of the biomechanics in this case. SUMF at Docket 95, ¶ 71. He does not have any formal education in the medical field or taken any courses in biomechanics. SUMF at Docket 95, ¶s 43-44. Accordingly, he is unable to render any opinion as to the causation and/or causal relationship between the non-deployment of the airbags and plaintiff Luis John's injuries. Plaintiffs simply want this Court to assume that had the side curtain air bag deployed it would have provided some benefit to the plaintiff. The Court has no record from which to make this legal or logical leap and KMC's experts have provided admissible evidence to the contrary.

In summary, Eng. González-Blanco did not – and cannot – provide expert witness testimony to support plaintiffs' assertion Luis John would have not suffered any injury had the side curtain air bag deployed. During his deposition testimony, Eng. González-Blanco marked the location where he believes plaintiff struck his head in the vehicle interior. *See* SUMF at Docket 95, ¶ 73 and **Exhibit I**, Docket no. 95-10. Eng. González-Blanco has never deployed a front or side curtain airbag for a 2012 Kia Forte. SUMF at Docket 95, ¶ 74. He therefore cannot opine that a deployed airbag would have covered the area he says was struck by plaintiff's head. In fact, KMC's expert Dr. Thomas Gennarelli, found that plaintiff's head struck the roof rail area that would not be covered or afforded protection by the driver side curtain air bag and that side curtain air bag

deployment would not have had any benefit for this plaintiff in this crash.  *See* **Exhibit K**, Docket no. 95-12.  Plaintiffs do not have any expert testimony aside from their liability expert that could refute Dr. Gennarelli's opinion in order to establish their case.

 In *Endicott*, the Court noted that "[n]o witness, including plaintiff's medical experts, could say with any degree of certainty that plaintiff would not have sustained severe and disabling injuries if the belt had not ruptured, and plaintiff's medical expert even conceded the possibility that the very back injury that plaintiff suffered could have so occurred."  *Endicott,* 73 Cal. App.3d at 927.  In this case, like *Endicott*, there is no evidence to suggest, much less demonstrate, a substantial probability of causal link between the alleged non-deployment of the airbags and enhancement of injuries to plaintiff Luis John.

 As the Court in *Endicott* found, this Court should find that the facts and plaintiffs' total lack of evidence wholly preclude any demonstration of a causal link between the product alleged to be defective and enhancement of injuries.  Therefore, as in *Prado Alvarez*, summary judgment should be granted in favor of KMC because the plaintiffs have not introduced evidence which affords a reasonable basis for the conclusion that it is more likely than not that the defendant's conduct was a substantial factor in bringing about the result.  *Prado Alvarez*, 313 F.Supp.2d at 76.

 Generalized statements as to the benefits of safety devices are not adequate to prevail in specific cases.  In *Endicott,* the Court specifically noted that "the plaintiff offered expert testimony that purported to establish through probability charts that serious injury is more likely to occur to unbelted than to belted motor vehicle accident victims, because their forward acceleration is abruptly halted by collision with the vehicle's interior, instead

of being gradually decelerated with the vehicle." *Endicott,* 73 Cal.App.3d at 924.   In rejecting this evidence as insufficient, the Court in *Endicott* held that "expert testimony will normally be necessary to establish proximate cause of injury on the individual facts." ***Id.*** at 927.  The Court further held "[a]t bench, no substantial evidence supported a finding of proximate cause of injury" and that "[p]laintiff's evidence merely presented a general probability of enhanced injury from non-use of seat belts." ***Id.*** at 927.

The plaintiffs in this case did not identify or produce any medical or other expert evidence regarding occupant kinematics, biomechanics or injury causation in support of their product liability claim.   Plaintiffs have offered nothing more than unsupported conjectures and speculation and have not presented any evidence as to the alleged defect and have not even attempted to make a showing as their alternative case facts: how deployment of the side curtain air bag would have prevented injury in this crash.

**C.**      **This Court Has Previously Addressed Lack Of Causation Proof In An Non-Deployment Air Bag Case That Resulted in Summary Judgement For The Defendant Automobile Manufacturer**

The legal principles supporting the Defendant's motion here are not novel concepts in this District.   In fact, The United States District Court for the District of Puerto Rico has already addressed and dismissed an air bag based products liability case for lack of causation.  *See Perez-Martinez v. Hyundai Motor Co.*, 440 F. Supp. 2d 57 (D.P.R. 2006).    The *Perez-Martinez* case involved an automobile crash between the decedent plaintiff and the driver of another vehicle.   According to the Complaint in that case, while the decedent was driving a Hyundai motor vehicle an oncoming car entered the decedent's lane of travel and impacted his vehicle in a partial head-on collision.   The plaintiff's brought a law suit, against the automobile manufacturer, alleging that the

decedent's death was due to the vehicle's failure to command air bag deployment.  After discovery and expert disclosures, the automobile manufacturer moved for summary judgment seeking dismissal of plaintiff's complaint based upon lack of causation, i.e., plaintiff's lack of admissible proof that the non-deployment of the air bags caused or contributed to the decedent's injury and death.[4]

In an attempt to prove injury causation, the plaintiff's in *Perez-Martinez*, attempted to rely upon the opinion of a forensic engineer and the fact testimony of the pathologist who conducted the decedent's autopsy.  After reviewing all the evidence submitted on the issue this District Court (Hon. Raymond Acosta) held that there was no admissible evidence for a reasonable fact finder to rely upon and conclude that the non-deployment of the air bags proximately caused any of the plaintiff's injuries or death.

Specifically, Hon. Raymond Acosta noted that plaintiff's liability expert's report "merely referred to the statistics vouching for the protection afforded by air bags in general but not to decedent's case in particular."  ***Id***., at 74.  The Court also highlighted the fact that during the liability expert's deposition he "acknowledged that he could not

---

[4] The proximate cause analysis, discussed in *Perez* has been cited with approval by the 4th Circuit Court of Appeals applying Puerto Rico law (*Fernandez-Piñeiro v. Bausch & Lomb, Inc.*, 429 Fed. Appx. 249 (4th Cir. 2011)) and by the District Court of Puerto Rico (*Rodriguez v. Torres*, 2015 WL 1138256 (D.P.R. 2015)).  In *Fernandez-Piñeiro* the plaintiffs claimed that a defect in contact lens solution caused eye infections.  The District Court granted the defendant's summary judgment motion, finding that plaintiff failed to provide reliable evidence that the product defect caused the alleged injuries.  On appeal, the Fourth Circuit Court of Appeals, citing to *Perez-Martinez v. Hyundai Motor Co.*, held that under Puerto Rico law "Plaintiffs must prove that a product defect …caused their injuries" and that plaintiffs "adduced no reliable expert testimony prior to summary judgment showing that MoistureLoc caused their injuries."  *Fernandez-Piñeiro*, *supra* at 253.  In *Rodriguez*, Magistrate Judge Marcos E. Lopez, while citing *Perez-Martinez v. Hyundai Motor Co.*, confirmed that Puerto Rico jurisprudence requires plaintiff to establish the existence of a product defect and requires plaintiff to prove that said defect was the cause of the alleged injury.

specify varying degrees of survival probability at different crash speeds" and that he had no knowledge as to the particular survival statistics or injury reduction statistics for air bag deployment for accidents within his speed calculation for the subject crash. *Id.* Furthermore, the Court found that "[a]part from this broad asseveration as to the benefits of the airbags in general at no time did Dr. Galdos indicate decedent's prospects of surviving the accident under the particular circumstances surrounding the crash" and that the expert could not offer an opinion about whether airbag deployment would have "limited her movement within the car sufficiently to avoid her fatal injuries." *Id.* at 75. After highlighting the numerous deficiencies in plaintiff's causation proof, the Court held "[t]he general proposition that statistically, airbags can save lives is not and cannot be disputed. However, plaintiffs cannot rely on this broad principle to meet their burden of proof in this case." ***Id***.

The determination and analysis of the Court in *Perez-Martinez* governs the result in the case presently before this Court. As in *Perez-Martinez*, the plaintiffs here have no admissible expert causation proof that deployment of the side curtain air bag (or any other air bag) in this crash would have reduced or prevented plaintiff's injury. The plaintiffs in this case cannot rely on the mere *ipse dixit* or their sole liability expert, especially when he admits he has no qualifications in the required fields of biomechanics, occupant kinematics, injury causation or medicine. Without this required testimony plaintiff's claims against KMC must be dismissed by this Court, as they were dismissed in *Perez-Martinez.*

Defendant has presented un-rebutted compelling evidence to support its contention that the subject motor vehicle had no manufacturing defect and that the air

bag system performed as designed since none of the three different impacts in which the vehicle was involved were of sufficient magnitude to require deployment of any air bags.  The evidence also establishes that there is no causal connection between non-deployment of the air bags and enhancement of injures to this plaintiff in this crash. Plaintiffs have no evidence akin to Dr. Gennarelli's report to establish that the non-deployment of the side curtain airbag caused or contributed to plaintiff's injuries.  Without such proof, their claims must fail.

## CONCLUSION

In this case, plaintiffs are *not* alleging that the non-deployment of the air bags caused the underlying motor vehicle accident.  To the contrary, plaintiffs concede Luis John was speeding at the time of the accident right before losing control of the car. SUMF at Docket 95, ¶s 17 & 53.  They also concede that had Luis John been driving within the 40 mph legal speed limit he would have been able to stop the car and prevent the accident. SUMF at Docket 95, ¶ 54.  There is no doubt that the cause of this one vehicle crash was driver error, i.e., the exclusive negligence of plaintiff Luis John Hernández-Denizac.  Finally, their accident reconstruction analysis concedes the sliding angular impact into the fence post along the driver's side of the Kia Forte resulted in only a 5 mph change in velocity, and in the "no-fire" range for the side curtain air bag. SUMF at Docket 95, ¶s 57-58.

In this case, the plaintiff's retained Eng. González-Blanco to act as their only expert witness.  His only task was to perform an accident reconstruction.  He acknowledged he would not provide any expert opinion testimony regarding the cause of the air bag non-deployment, nor whether the air bag was defective. SUMF at Docket

95, ¶ 64.  Plaintiffs' retained expert witness repeatedly affirmed that he is not an expert in air bag systems, and he does not know the parameters for deployment of the system. SUMF at Docket 95, ¶s 40-42, 45-46 & 66   They cannot, therefore, establish that any vehicle defect was the cause of the air bag non-deployment in this case.

Furthermore, plaintiffs' case is fatally flawed because they have not proffered any expert evidence to support their claim that non-deployment of the air bag system caused or contributed to any of Luis John's injuries.  Eng. González-Blanco does not have any formal education in the medical field and has not taken any courses in trauma or injury causation.  He admitted he is not qualified to render any opinion as to the causation and/or causal relationship between the non-deployment of the air bags and plaintiff Luis John's injuries.  SUMF at Docket 95, ¶s 43-44 & 71-72.

Eng. González-Blanco has never deployed an air bag in a 2012 Kia Forte and therefore cannot testify that a deployed air bag would have protected the area contacted by the left side of the plaintiff's head.  SUMF at Docket 95, ¶ 74. In this regard, before the Court on this motion is un-rebutted evidence that the left sided head impact on the side roof rail was above the driver's door and **above** *the side curtain air bag deployment area*.  SUMF at Docket 95, ¶ 77 & **Exhibit I**, Docket no. 95-10. Accordingly, even if plaintiffs could establish that the impacts were of sufficient magnitude to require the deployment of the side curtain airbag, said deployment would not have been of any consequence since Luis John's head struck the area that is not covered when the side curtain air bag deploys.

As pointed out above, the legal principles supporting this motion are not novel concepts in this District and formed the basis to dismiss another air bag based products

liability case for lack of causation.  *See Perez-Martinez v. Hyundai Motor Co.*, 440 F. Supp. 2d 57 (D.P.R. 2006).  The *Perez-Martinez* should guide this Court's decision in this case, because, like in *Perez-Martinez,* there is no admissible evidence for a reasonable fact finder to rely upon and conclude that the non-deployment of the air bags proximately caused any of the plaintiff's injuries in this case.  As in *Perez-Martinez*, the plaintiffs here have no admissible expert causation proof that deployment of any air bag in this crash would have reduced or prevented plaintiff's injury.  The plaintiffs in this case cannot rely on the unqualified and unsupported assumption of their accident reconstruction expert, especially when he admits he has no qualifications or expertise in the required fields.  Without this required testimony plaintiffs' claims against KMC must be dismissed by this Court as a matter of law.

As previously indicated, although the complaint also pleads a product liability claim for lack of warnings or instructions, plaintiffs have not announced or presented any evidence in support thereof.  SUMF at Docket 95, ¶ 75 & 76.  According, KMC's motion for summary judgment should be granted and the complaint dismissed in its entirety.

WHEREFORE, defendant KMC respectfully requests that this Honorable Court enter Judgment dismissing the Complaint, with the imposition of all costs, disbursements and attorney's fees against plaintiffs under the particular circumstances of this case.

RESPECTFULLY SUBMITTED

CERTIFICATION: I hereby certify that on this same date the present motion was filed with the Clerk of the Court using the CM/ECF system, which will automatically send the corresponding notification to counsel for plaintiffs, María Eugenia Caldrerón-Martínez, arc@microjuris.com

In San Juan, Puerto Rico, this 16th day of January, 2018.

<u>S/ Keith A. Graffam</u>
Keith A. Graffam
USDC-PR No. 202702

**GRAFFAM & BIAGGI**
***Attorneys for Defendant Kia Motor***
***Company (KMC)***
420 Ponce de León Ave., Suite 309
San Juan, Puerto Rico 00918-3403
Tel.: (787) 764-7585
Fax: (787) 753-6169
E-mail:kgraffam@gblawpr.com

And

Brian P. Crosby
Admitted Pro Hac Vice

**Gibson, McAskill & Crosby**
***Attorneys for Defendant Kia Motor***
***Company (KMC)***
69 Delaware Avenue, Suite 900
Buffalo, New York 14202
Tel.: (716) 856-4200
Fax: (716) 856-4013
E-Mail: bcrosby@gmclaw.com